No. 4611.

A. and L. CHEVAL v. ST. LEON DESTEZ and ETIENNE CARLON.

Where the plaintiffs, appealing from the judgment of the court below, have assigned as error on the face of the record that the motion to dissolve an injunction having been overruled, an exception based on the *same grounds* could not have been acted upon by the judge *a quo* a second time;

Held—That this court regards the document, called an exception, an answer, and that there existed no reason why the judge *a quo* could not pass upon the merits of the case, which he seems to have done, although he also calls the answer an exception.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Charles Louque*, for plaintiffs and appellants. *T. A. Bartlette*, for defendants and appellees.

LUDELING, C. J. This is an injunction suit. It is alleged in the petition that the defendant brought suit against the plaintiffs, and that

while the suit was pending, the plaintiffs, A. and L. Cheval, caused the rights and interest of Destez and Carlon in said suit to be seized under a judgment in their favor, and that they, A. and L. Cheval bought said rights; that subsequently a judgment was rendered and signed in the case of Destez and Carlon v. Cheval, notwithstanding the aforesaid sale, whereby said claims of Destez and Carlon had been extinguished by confusion; that having had said judgment signed, they sued petitioner's surety on the bond to release the property attached, obtained a judgment against her and caused her property to be seized and advertised for sale.

Under these circumstances A. and L. Cheval obtained an injunction to prevent the sale of the property of their said surety.

A motion to dissolve the injunction was filed, based on the grounds following : that the affidavit was not sufficient; that the surety on the bond was not such as the law required; that nothing in the affidavit justified the injunction, inasmuch as all the causes set forth on which it is based, existed before the judgment, have already been urged before the court and decided against the plaintiffs herein, and have acquired the force of *res judicata*, etc.

This rule, or motion to dissolve, was refused. The defendants then filed what they called an exception, but which, we think, is also an answer. It avers that all the matters set up in the petition existed and were known to plaintiffs before the judgment sought to be annulled was rendered and can not now be set up in defense; that said matters are insufficient to maintain an injunction against the execution herein issued, and they pray that the suit and injunction be dismissed with ten per cent. per annum interest, twenty per cent. general damages, and one hundred dollars special damages and for costs and general relief.

The judgment of the court is in the following words :

"In the matter of the exception herein, for the reasons orally assigned by the court, it is ordered, adjudged and decreed that said exception be partially maintained; that the injunction herein be dissolved with ten per cent. per annum interest on amount of judgment injoined, etc. It is further ordered that plaintiffs pay all costs of suit."

From this judgment an appeal has been taken by the plaintiffs, who have assigned as error on the face of the record that the motion to dissolve having been overruled, the exception based on the same grounds could not have been acted upon by the judge *a quo* a second time.

We regard the document called an exception an answer—and there existed no reason why the judge *a quo* could not pass upon the merits of the case, which he seems to have done, although he also calls the answer an exception.

A. and L. Cheval v. Destez and Etienne Carlon.

There is no note of evidence in the record and no evidence. It is impossible therefore for us to revise the judgment. We have not been able to discover any error on the face of the papers.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.

Rehearing refused.